UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH TOREY BROWN** | : | **CIVIL ACTION NO. 21-CV-4364** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WALMART INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Joseph Torey Brown ("Brown"). Doc. 7. The motion is opposed by defendants Walmart Inc. and Wal-Mart Louisiana LLC (collectively, "Walmart"). Doc. 11. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein**, IT IS RECOMMENDED** that the plaintiff's motion be **DENIED.**

I.
BACKGROUND

Brown filed suit against Walmart on August 13, 2021, in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 1. Brown seeks damages for an alleged slip and fall accident which occurred at the Walmart store in Lake Charles, Calcasieu Parish, Louisiana, on September 20, 2020. *Id.* at pp. 1-3.

On September 27, 2021, Walmart propounded Requests for Admissions and Interrogatories on Brown. Doc. 1, att. 2, 4. In both the Request for Admissions [doc. 1, att. 2, p. 1] and

Interrogatories [doc. 1, att. 4, p. 3], Walmart requested information on whether the matter in controversy exceeds $75,000. Brown replied to the Request for Admissions on October 7, 2021, denying that his damages exceeded $75,000 at that time. *Id.* at att. 3. Roughly one month later, on November 8, 2021, Walmart received Brown's responses to the interrogatories via mail. Doc. 11, att. 1, p. 1. When asked whether the amount in controversy exceeds $75,000, Brown this time responded "Yes." Doc. 1, att. 5, p. 7. In response to the receipt of both sets of discovery responses, Walmart's counsel, John Swift ("Swift"), sent an email to plaintiff's counsel, Chris McCall ("McCall"), requesting that he clarify the change in responses and to let him know which response was correct. Swift also stated in the email that he had not yet received any documentation with the discovery responses such as medical records, bills, or other reports. *Id.* at att. 6. Swift claims that plaintiff's counsel never responded to that email. Doc. 1, p. 2.

On December 2, 2021, plaintiff's counsel sent a settlement demand to Walmart's counsel of $327,753.64. *Id.* at att. 7. In response to the settlement demand, Walmart removed the matter on December 12, 2021, stating in its Notice that this court has subject matter jurisdiction under 28 U.S.C. § 1332 in that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Doc. 1, pp. 2, 4-5.

In his Motion to Remand before us for consideration, Brown argues removal was improper because it was not filed within thirty days of receipt of the interrogatory responses and therefore was untimely. *See generally* doc. 7, att. 1. Brown states that, contrary to Walmart's assertion in its Notice, Brown's medical records and bills were *emailed* to defense counsel on two occasions: once on November 8, 2021, along with the interrogatory responses, and again on November 10, 2021, in response to Swift's email that he had not received the documentation. Doc. 7, att. 3. Brown states the documentation, combined with the affirmative interrogatory response, made clear that

the case was removable, and Walmart should have removed within 30 days of receipt of such. Doc. 7, p. 5.

Walmart responds that removal was timely because it was done within thirty days of receipt of the settlement demand which it claims to have been the "other paper" that triggered the running of the delay. Doc. 11, p. 5. Walmart claims it only received the interrogatory responses sent by mail, ***not*** the responses sent via ***email*** along with the documentation. *Id*. at p. 7. In addressing the substance of the responses, Walmart contends that, although plaintiff's interrogatory response indicated that the amount in controversy did exceed $75,000, the contradictory admission and lack of medical records or other evidence, created ambiguity as to whether removal was proper. *Id*. at p. 5. Walmart argues and proves by affidavits submitted by Swift and his computer technician that its counsel did not receive either the November 8, 2021 email attaching interrogatory responses, medical records and other documentation, nor the November 10, 2021, email reattaching the same documentation. Doc. 11, pp. 9-11; att.1; att. 2. Walmart also submits as additional evidence a "Send/Receive Report" from Microsoft which shows that the delivery of both emails failed due to the large size of the data attached. Doc. 11, att. 2. Walmart claims such files were not actually received until January of 2022, when they were attached to the present Motion to Remand. *Id.* at pp. 17; doc. 7, att. 4. Therefore, Walmart contends that the grounds for removal only became clear upon receipt of the settlement demand for $327,753.64. *Id*. at p. 5.

A hearing was held in this matter before the undersigned on April 13, 2022. At hearing plaintiff's counsel did not suggest that Walmart had actually received the rejected emails with medical records attached.[1] Plaintiff suggested, however, that the response to the interrogatory

---

[1] Both Messrs. McCall and Swift were careful to point out to the court that neither thought the other was being misleading to this tribunal and expressed great respect for the other. These professional courtesies are greatly appreciated.

itself should, nevertheless, have placed Walmart on notice that the amount in controversy exceeded $75,000 so as to trigger the 30-day period for removal.

After hearing we advised counsel that we would be recommending a denial of the motion and would recommend that the Motion to Remand be denied through issuance of this report and recommendation. Doc. 15.

## II.
### LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Removal is perfected by filing a Notice of Removal in the district court for the district and division within such action is pending, which notice shall contain a short and plain statement of the grounds for removal. 28 U.S.C. §1446(a). Generally, a defendant must file a notice of removal within thirty (30) days of its receipt of an "initial pleading setting forth the claim for relief...." 28 U.S.C. § 1446(b)(1). When "the case stated by the initial pleading" does not provide grounds for removal, defendants may remove the action "within 30 days after receipt ... of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This "other paper" must be " 'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163(5th Cir. 1992).

We do not find that Walmart's receipt of the interrogatory response indicating the amount in controversy exceeded $75,000 was the "other paper" that would trigger the running of the 30 day removal period. Upon receipt of that response, Walmart dutifully sought clarification from plaintiff's counsel as to which response was correct. A response that requires additional clarification cannot be considered "unequivocally clear and certain" so as to start the time limit for removal.

Equally worth noting is the significant weight to be given to a Rule 36 admission as opposed to a mere answer to interrogatory. "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party. An admission that is not withdrawn or amended cannot be rebutted by contrary testimony . . ." *VeroBlue Farms USA Inc. v. Wulf*, 2021 WL 5176839, at *3 (N.D. Tex. 2021) (quoting *Longoria v. County of Dallas, Tex.*, 2016 WL 6893625, at *4-*6 (N.D. Tex. 2016)). By contrast, answers to interrogatories are not considered evidence unless formally introduced at trial. *Sandwich Chef of Texas, Inc. v. Reliance Nat. Indem. Ins. Co.*, 319 F.3d 205, 217 (5th Cir. 2003) (the "district court was not legally compelled to consider facts included in interrogatory answers that the plaintiff had not formally introduced in evidence").

Ambiguity created by the competing discovery responses was not clarified until receipt of the settlement demand for $327,753.64. At that point that it became "unequivocally clear and certain" that the amount in controversy was satisfied and that the grounds for removal existed. Because defendants removed within 10 days from receipt of the settlement demand, their removal was timely.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. 7] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 25th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE